# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. _____ |
| TERESA PAPOLCZY<br>CHARLES E. VOSS, JR. and,<br>KAREN WAUGH, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

COMES NOW Plaintiff, the United States of America, by and through Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Adam E. Hanna, Assistant United States Attorney, and for its cause of action against Defendants, states as follows:

### Jurisdiction and Venue

1. The Court possesses jurisdiction over this matter under 28 U.S.C. § 1345 and Article III, Section I of the United States Constitution because it is a controversy to which the United States is a party.

2. Venue is proper in this Court under 28 U.S.C. §§ 93(c) and 1391(b)(1) in that Defendants reside in Bond County and Jefferson County, Illinois and they are, therefore, residents of and domiciled in the geographical boundaries of this District.

### Count I - Fraudulent Transfer

3. This action is brought pursuant to the fraudulent transfer provisions of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3301-07.

4. On or about March 31, 2003, judgment was entered in case 3:02-CR-30122-SMY against Defendant Teresa Papolczy on her guilty plea to the offense of making or using any false writing or document knowing the same to contain materially false, fictitious or fraudulent statement or entry under 18 U.S.C. § 1001.

5. Pursuant to said judgment, Defendant Papolczy was ordered to pay a special assessment in the amount of $100 and restitution in the amount of $392,093.94. Said amounts constitute a debt of Defendant Papolczy owed to the United States.

6. As of October 1, 2021, the balance of the debt was $390,815.87. The debt does not accrue interest.

7. Following entry of the judgment, the United States commenced collection activity and notified Defendant Papolczy of its intention to place her in the Treasury Offset Program as well as garnish her financial accounts and assets. In early 2021, the United States attempted debt enforcement through garnishments and began pursuing discovery of Defendant Papolczy's financial circumstances.

8. Defendant Teresa Papolczy purchased five cashier's checks from Regions Bank on or about March 1, 2021 in the following amounts all payable to Community Title:

 a. $45,000;

 b. $45,000;

 c. $45,000;

 d. $45,000; and

 e. $29,000.

9. The cashier's checks were purchased with funds from a Regions Bank account of which Defendant Teresa Papolczy was a joint owner.

10.     On March 5, 2021, all five cashier's checks were presented at closing to purchase real estate situated in Bond County, Illinois commonly known as 1303 W. Cloverfield, Greenville, IL 62246 and described more particularly as follows:

**Lot 51 in Wheatfield Farm, a subdivision in part of the East Half of the Southeast Quarter of Section 2, Township 5 North, Range 3 West of the Third Principal Meridian, Bond County, Illinois, according to the plat thereof recorded in Plat Cabinet C, Slide 29; and**

**Part of Lot 50 of Wheatfield Farm, a subdivision of part of the East Half of the Southeast Quarter of Section 2, Township 5 North, Range 3 West of the Third Principal Meridian, Bond County, Illinois, as recorded in Plat Cabinet C, Slide 29, in the Bond County, Illinois recorder's office, said tract being more particularly described as follows: Beginning at the Southerly corner common to said Lot 50 and common to Lot 51 of Wheatfield Farm; thence North 34 degrees 42 minutes 37 seconds West, along the Northeasterly line oif said Lot 50, a distance of 198.22 feet to the most northerly corner of said Lot 50; thence South 45 degrees 05 minutes 56 seconds West, along the northwesterly line of said Lot 50, a distance of 40.58 feet to a corner of said Lot 50; thence South 46 degrees 31 minutes 07 seconds East, a distance of 195.17 feet to the point of beginning.**

**Except any interest in the coal, oil, gas and other mineral rights underlying the land which have been heretofore conveyed or reserved in prior conveyances, and all rights and easements in favor of the estate of said coal, oil gas and other minerals, if any.**

**PIN:  05-30-02-430-083**

11.     Defendant Charles E. Voss, Jr., Papolczy's brother, and Defendant Karen Waugh were identified as the purchasers at closing and are now the nominal owners of record for said property.

12.     Under the FDCPA, subject to certain exceptions, a transfer "is fraudulent as to a debt to the United States which arises before the transfer is made … if the debtor makes the transfer or incurs the obligation…without receiving a reasonably equivalent value in exchange for the transfer or obligation [and] the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer," 28 U.S.C. § 3304(a)-(a)(1)(A).

13. In addition, the FDCPA provides that, subject to certain exceptions, "a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether such debt arises before or after the transfer is made or the obligation is incurred, if the debtor makes the transfer or incurs the obligation…with actual intent to hinder, delay, or defraud a creditor." 28 U.S.C. § 3304(b) – (b)(1)(A).

14. Defendant Teresa Papolczy's transfer of funds to Community Title for the purchase of real estate for Defendants Charles E. Voss, Jr. and Karen Waugh was made without receiving reasonably equivalent value in exchange. Defendant Papolczy supplied the funds for the transaction but did not receive an interest in the property in exchange.

15. Upon information and belief, Defendant Teresa Papolczy transferred funds to Community Title for the purchase of real estate for Defendants Charles E. Voss, Jr. and Karen Waugh with actual intent to hinder, delay and/or defraud her creditor, the United States of America.

16. Upon information and belief, Defendant Teresa Papolczy became insolvent as a result of the aforementioned transfers of funds, in that the sum of her debts was greater than all of her assets at a fair valuation. Complete information concerning Defendant Papolczy's financial situation is under her control and therefore cannot be pled with additional particularity.

17. Defendant Teresa Papolczy's transfers of funds to Community Title constitute fraudulent transfers under 28 U.S.C. § 3301-07 because they were intended to prevent the United States from being able to recover the transferred funds from her in satisfaction of her court-ordered restitution debt.

WHEREFORE, on Count I, Plaintiff requests a Judgment of this Court:

    a. Avoiding the fraudulent transfers of funds made by Teresa Papolczy to Community Title for the benefit of Charles E. Voss, Jr. and Karen Waugh;

    b.    Finding that title to the real estate described in paragraph 10 is vested in Defendant Teresa Papolczy;

    c.    Entering judgment against Defendants in the amount of the value of the assets transferred, but not to exceed the current balance of Teresa Papolczy's debt; or

    d.    For all other such relief as the Court deems just and proper in the premises.

### Count II – Enforcement of Restitution Lien

18.    Plaintiff incorporates paragraphs 1-17 by reference.

19.    The restitution judgment entered against Defendant Papolczy created a lien in favor of the United States of America "on all property and rights to property" held by Defendant Papolczy under 18 U.S.C. § 3613(c).

20.    If the Court grants the relief sought in Count I and avoids the transfers made by Defendant Papolczy to or for the benefit of Defendants Charles E. Voss, Jr. and Karen Waugh, title to the real property described in paragraph 10 may vest in Defendant Papoloczy.

21.    To the extent that Defendant Papolczy holds an interest, legal or equitable, in the real property described in paragraph 10, it is subject to the restitution lien in favor of the United States of America.

WHEREFORE, as to Count II, Plaintiff seeks foreclosure of its lien and judicial sale of the real property described in paragraph 10 to be conducted by the United States Marshal, with the proceeds applied to Defendant Teresa Papolczy's restitution debt.

UNITED STATES OF AMERICA

STEVEN D. WEINHOEFT
United States Attorney

*s/ Adam E. Hanna*

_____
ADAM E. HANNA
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL 62208-1344
Phone: (618) 628-3700
Fax: (618) 622-3810
Adam.Hanna@usdoj.gov

6